IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ALBERT SCHUHOLZ, )
 )
        Petitioner, )
v. ) Civil Action
 ) No. 06-3290-CV-S-DW-H
JOSEPH E. GUNJA, Warden, )
United States Medical Center for )
Federal Prisoners, )
        Respondent. )

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges his sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636 (b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner contends that the indictment against him was defective, and that he was falsely sentenced. He asserts that his sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005).

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255, unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). The fact that petitioner may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), nor does the fact that a specific claim was previously raised pursuant to § 2255 and

denied. A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. <u>Von Ludwitz v. Ralston,</u> 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

Petitioner has failed to meet his burden of showing that the § 2255 remedy is inadequate or ineffective. Although petitioner attempts to construe his claim as one for relief under 28 U.S.C. § 2241, a careful reading of his petition indicates that he is, in fact, challenging his sentence. Regardless of petitioner's assertions in this case, the action is improperly filed under the provisions of § 2241. The issues he raises are cognizable, if at all, in the sentencing court, and it is clear that this Court lacks jurisdiction of petitioner's claims. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that the petition herein for writ of habeas corpus be dismissed without prejudice and that petitioner be denied leave to proceed in forma pauperis.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate

Date: 08/14/06